UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GABRIELLE GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC | ) Case No.: 20-CV00861 |
| | ) |
| and | ) |
| | ) |
| LOWE'S COMPANIES, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COME NOW Defendants Lowe's Home Centers, LLC and Lowe's Companies, Inc.[1] (collectively, "Lowe's" or "Defendants"), by and through undersigned counsel, and hereby remove the above-styled case from the Circuit Court of Jackson County, State of Missouri, Case No. 2016-CV18988, to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446. This case is being removed to this Court because, based on the allegations Plaintiff Gabrielle Gilmore ("Plaintiff") asserts in this action, there is complete diversity between the parties and more than $75,000 is in controversy. As grounds for removal, Lowe's respectfully states as follows:

---

[1] At all times during his employment, Plaintiff has been employed by Lowe's Home Centers, LLC, not Lowe's Companies, Inc., and therefore Lowe's Companies, Inc. is not a proper party to this action.

**INTRODUCTION**

1. On September 17, 2020, Plaintiff, a current Lowe's employee, filed a seven-count lawsuit, alleging violations of the Missouri Human Rights Act ("MHRA") against Lowe's. The lawsuit is currently pending in the Circuit Court of Jackson County, Missouri, as Case No. 2016-CV18988.

2. On that same day, the State Circuit Court issued the Summons for both Defendants in this action, and the assigned Judge, the Honorable Marco A. Roldan, issued a Notice of Case Management Conference for Civil Case and Order for Mediation.

3. On September 28, 2020, Plaintiff served Lowe's Home Centers, LLC with the Summons and a copy of his Petition.

4. On September 30, 2020, Plaintiff served Lowe's Companies, Inc. with the Summons and a copy of his Petition.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complete State Court file is attached hereto as Exhibit 1.

6. As set forth more fully below, this action is one that Lowe's may remove to this Court under 28 U.S.C. § 1441 because Lowe's has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity between the parties and more than $75,000 in controversy.

**TIMELINESS OF REMOVAL**

7. This Notice of Removal is timely filed within thirty days after either Defendant was served with a copy of Plaintiff's Petition. Defendant has not filed any responsive pleadings in the Circuit Court of Jackson County, Missouri prior to filing this Notice of Removal.

8. Thus, this action is timely removed pursuant to 28 U.S.C. § 1446.

**REMOVAL BASED ON DIVERSITY JURISDICTION**

9. Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because, upon information and belief, a complete diversity of citizenship exists between Plaintiff and Lowe's, and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship is Satisfied.**

10. As pleaded in the Petition, Plaintiff is a citizen and resident of the State of Missouri. (Petition, Ex. 1, ¶ 1.)

11. A limited liability company (LLC) is treated as a partnership for purposes of diversity jurisdiction, and citizenship depends on the citizenship of the LLC's members. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004), citing *Carden v. Arkoma Assocs.*, 494 US 185, 195 (1990).

12. Lowe's Home Centers, LLC is a limited liability company, and its sole member is Lowe's Companies, Inc. (Declaration of Grace Ridley ("Ridley Decl."), attached hereto as Exhibit 2, ¶¶ 3-4.)

13. For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S.Ct. 1181, 1192-93 (2010). The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Id.*

14. Lowe's Companies, Inc. is a North Carolina corporation, and its headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located

3

in North Carolina. (Ridley Decl., Ex. 2, ¶¶ 3-4.) Lowe's Companies, Inc. is a citizen of North Carolina.

15. Thus, for removal purposes, Defendants Lowe's Home Centers, LLC and Lowe's Companies, Inc. are citizens of the State of North Carolina, not Missouri. *See GMAC Commercial Credit, LLC*, 357 F.3d at 829.

16. Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c).

**The Amount in Controversy Requirement is Satisfied.**

17. In this action, Plaintiff asserts seven, separate causes of action under the MHRA, specifically disability discrimination, race discrimination, color discrimination, hostile work environment (disability), hostile work environment (race), hostile work environment (color), and retaliation, all in purported violation of the MHRA. (*See generally* Petition, Ex. 1.) As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue in this case, exclusive of interest and costs.[2]

18. Lowe's need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014).

19. The removing party's burden is one of "pleading" and not one of "proof." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788-89 (8th Cir. 2012). The removing party need not confess liability in order to show that the jurisdictional amount has been met. *Id.* at 789 (citation omitted).

---

[2] Lowe's relies on Plaintiff's allegations (and the calculations below) for purposes of establishing the propriety of removal only, subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Petition.

4

20.     In the Eighth Circuit, where a plaintiff's petition fails to allege a specific amount in damages sought, the jurisdictional issue is not whether the pleaded damages are greater than the requisite amount, but "whether a fact finder *might* legally conclude that they are." *See Skoda v. Lilly USA, LLC,* 488 Fed. App'x 161, 162 (8th Cir. 2012); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).

21.     In addition to the various categories of compensatory damages a plaintiff seeks, including damages for emotional distress, this Court may also consider attorneys' fees and punitive damages that may be awarded under the MHRA, *see* Mo. Rev. Stat. § 213.111, in establishing the $75,000 amount in controversy. *See, e.g.*, *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorneys' fees count toward the jurisdictional minimum for diversity jurisdiction).

22.     In this action, Plaintiff seeks actual damages equal to his alleged lost compensation and benefits. (Petition, Ex. 1, ¶¶ 52, 58, 64, 74, 83, 92, 99.)

23.     Plaintiff further seeks non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress. (*Id.*)

24.     Plaintiff also seeks punitive damages from Defendants. (*Id.*, ¶¶ 53, 59, 65, 75, 84, 93, 100.)

25.     Plaintiff further seeks an award of attorneys' fees. (*Id.*, ¶¶ 54, 60, 66, 76, 85, 94, 101.)

26.     Additionally, in the WHEREFORE paragraph in each Count, Plaintiff requests an award "that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available

5

under the MHRA, and for any other relief which the Court may deem just and proper." (*See generally* Petition, Ex. 1.)

27. When Plaintiff's claimed compensatory damages, including lost wages, salary, and benefits, are combined with his claims for punitive damages, and attorneys' fees, there is no question that the amount in controversy in this action exceeds $75,000. *See, e.g.*, *Miller v. CEVA Logistics*, No. 07-0644-CV-W-FJG, 2008 WL 130847, at *2 (W.D. Mo. Jan. 10, 2008) (holding that a claim of lost wages by an employee earning $11.75 per hour combined with his claimed damages for emotional distress, punitive damages, and attorneys' fees "could easily lead to a damage award greater than $75,000" even though the plaintiff filed an affidavit stating his damages were less than $75,000); *Walker v. Lanoga Corp.*, No. 06-0148CV-W-FJG, 2006 WL 1594451, at *2 (W.D. Mo. June 9, 2006) (determining that the defendant had adequately established that the amount in controversy would exceed the jurisdictional minimum when the damages for lost wages were combined with other alleged damages, including damages for emotional distress).

28. One of the bases of Plaintiff's claims is his allegation that Lowe's denied him a promotion to various positions, including an Account Executive Pro Services position, because of his disability, race, or color. (*See* Petition, Ex. 1.) In August 2017, when Plaintiff applied for an Account Executive Pro Services position, the compensation for such a position at Plaintiff's store ranged from $52,800 to $79,200 annually, with a median annual salary of $66,000. (Ridley Decl., Ex. 2, ¶ 8.) At the time of his application, Plaintiff was an hourly employee, paid at an annualized rate of $41,808, or $20.10 per hour. (*Id.*, ¶ 9.) Thus, at the median Account Executive Pro Services annual salary, Plaintiff's lost wages from August 2017 to present could amount to $76,560 ($66,000 x 3.17 years) – ($20.10 x 40 hours per week x 165 weeks). And, assuming a trial eighteen months from today, his lost wages could total $112,848 ($66,000 x 4.67 years) – ($20.10 x 40

6

hours per week x 243 weeks). Even at the lower annual salary of $52,800 for the Account Executive Pro Services position, Plaintiff's lost wages from August 2017 to present could amount to $34,716 ($52,800 x 3.17 years) – ($20.10 x 40 hours per week x 165 weeks); assuming a trial eighteen months from today, his lost wages could total $51,204 ($52,800 x 4.67 years) – ($20.10 x 40 hours per week x 243 weeks).

29. Plaintiff's claimed damages do not stop at lost wages. Plaintiff also seeks the equitable relief of front pay. Courts in the Eighth Circuit have awarded front pay for as long as eight years and eight months from the date of verdict. *See Sellers v. Mineta*, 358 F.3d 1058, 1066 (8th Cir. 2004). *See also Cooper v. Scripps Media, Inc.*, No. 17-0041-CV-W-BP, 2019 WL 2617822, at *3 (W.D. Mo. June 26, 2019) (2 years); *Folz v. Marriott Corp.*, 594 F. Supp. 1007, 1018-19 (W.D. Mo. 1984) (7 years). Thus, Plaintiff's potential award of front pay could amount to as much as $266,400 ($66,000 x 8.67 years) – (current wage of $16.99 x 40 hours per week x 450 weeks).

30. Further Plaintiff also seeks damages for lost employment benefits. (Petition, Ex. 1, ¶¶ 52, 58, 64, 74, 83, 92, 99.) During his employment, Plaintiff was eligible for standard company benefits, including health, vision, and dental insurance as well as a flexible health spending account, 401(k) plan, short term and long term disability insurance, and supplemental life insurance. (Ridley Decl., Ex. 2, ¶ 7.)

31. Here, if Plaintiff's claim for lost benefits is conservatively valued at 20% of his lost wages, his lost benefits from the date of application through the date of trial could range from approximately $10,240.80 to $22,569.60.

32. Plaintiff also claims that he is entitled to punitive damages on all counts of his Petition. (Petition, Ex. 1, ¶¶ 53, 59, 65, 75, 84, 93, 100.) Although his Petition makes no effort to

quantify these elements of his alleged damages, and again without conceding the point, Lowe's notes that Missouri juries certainly have awarded sums sufficient to put Plaintiff's total claims well over the $75,000 threshold on a punitive damage claim *alone*. *See Brill v. Burton Creek Management Corp.,* No. 6:99-cv-3097 (W.D. Mo. May. 1, 2000) (entering judgment on jury verdict of $300,000 in punitive damages on a Title VII claim); *Miller v. Am. Family*, 2016 WL 8315313 (Mo. Cir. Ct. Dec. 15, 2016) (awarding a plaintiff $20,000,000 in punitive damages on her claims of sex and age discrimination under the MHRA); *Gentry v. Orkin LLC*, 2016 WL 8315309 (Mo. Cir. Ct. Dec. 15, 2016) (awarding plaintiff $10,000,000 in punitive damages on a MHRA claim); *McClurg v. Mo. Highway and Transp. Comm'n*, 2014 WL 8843699 (Mo. Cir. Ct. Dec. 12, 2014) (awarding a plaintiff $500,000 in punitive damages on a claim of sex discrimination under the MHRA); *McGhee v. Schreiber Foods, Inc.*, 2015 WL 1887835 (Mo. Cir. Ct. Feb. 16, 2015) (awarding a plaintiff $350,000 in punitive damages on a claim of age discrimination under the MHRA). Indeed, the Eighth Circuit has approved a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases. *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009).

33. Here, Plaintiff has alleged that he has been denied numerous job promotions as a result of Lowe's actions that "were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff." (*See* Petition, Ex. 1, at ¶¶ 53, 59, 65, 75, 84, 93, 100). These facts—if proven, of course—could possibly support a punitive damage award.

34. Plaintiff also seeks emotional distress damages and attorneys' fees that are appropriate to include in the amount in controversy calculation. *Miller v. Ceva Logistics*, No. 07-cv-0644, 2008 WL 130847 (W.D. Mo. Jan. 10, 2008); *Hudson v. United Sys. of Ark.,* 709 F.3d 700 (8th Cir. 2013) (affirming an award of $100,000 in emotional distress damages); *Rowe v. Hussman*

8

*Corp.*, 381 F.3d 775 (8th Cir. 2004) (affirming an award of $500,000 in emotional distress damages); *Jarrett v. Henkel Corp.*, No. 4:15-cv-0832DGK, 2016 WL 409819 (W.D. Mo. Feb. 2, 2016) (denying a plaintiff's motion to remand where an award for lost wages and attorneys' fees combined would likely exceed the jurisdictional limit).

35. Further illustrating that Plaintiff's claimed damages will exceed $75,000, the undersigned can attest that Plaintiff will seek substantial damages greater than $75,000 based on his over 20 years of experience in handling claims of discrimination brought against employers. (Declaration of Thomas P. Berra, Jr., attached hereto as Exhibit 3.)

36. When Plaintiff's claimed compensatory damages are combined with his claims for punitive damages and attorneys' fees, there is no question the amount in controversy in this action exceeds $75,000. Removal is appropriate in this case.

37. Therefore, even if Plaintiff's actual damages do not exceed $75,000, it is clear that the finder of fact could potentially award well in excess of the $75,000 threshold.

## CONCLUSION

38. Plaintiff is a citizen of Missouri, and Defendant is a citizen of North Carolina. Plaintiff seeks to recover lost compensation and benefits, non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress, front pay, punitive damages, and attorneys' fees that exceed the jurisdictional minimum of $75,000. Removal to this Court is therefore proper under diversity of jurisdiction.

WHEREFORE, Defendant Lowe's removes this case to the United States District Court for the Western District of Missouri, respectfully requests that no further proceedings be had in the Circuit Court in Jackson County, Missouri, and prays for such other and further relief as the Court deems just and proper.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>**LEWIS RICE LLC**</td></tr>
<tr><td>DATED: October 26, 2020    By:</td><td>/s/ Thomas P. Berra, Jr.<br>Thomas P. Berra, Jr. #43399MO<br>600 Washington Avenue, Suite 2500<br>St. Louis, Missouri 63101<br>Telephone: (314) 444-1352<br>Facsimile: (314) 612-1352<br>tberra@lewisrice.com</td></tr>
<tr><td></td><td>*Attorneys for Defendants*</td></tr>
</table>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served via the Court's electronic filing system on this 26th day of October, 2020 to:

Richard S. Fisk
Jessica G. Lile
Beam-Ward, Kruse, Wilson & Fletes, LLC
8645 College Boulevard, Suite 250
Overland Park, Kansas 66210
rfisk@bkwflaw.com
jlile@bkwflaw.com

*Attorneys for Plaintiff*

/s/ Thomas P. Berra, Jr.