Electronically Filed - Jackson - Independence - September 17, 2020 - 11:00 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | | |
|---|---|---|---|
| GABRIELLE GILMORE | | ) | |
| | Plaintiff, | ) | |
| v. | | ) | |
| | | ) | Case No. |
| LOWE'S HOME CENTERS, LLC | | ) | Division No. |
| | | ) | **Jury Trial Demanded** |
| and | | ) | |
| | | ) | |
| LOWE'S COMPANIES, INC. | | ) | |
| | Defendants. | ) | |

**PETITION**

COMES NOW the plaintiff Gabrielle Gilmore ("Plaintiff"), and for his Petition against Lowe's Home Centers, LLC and Lowe's Companies, Inc., states, alleges, and avers as follows:

1.      Plaintiff is a resident of Independence, Jackson County, Missouri. Plaintiff is a black male.

2.      Defendant Lowe's Home Centers, LLC is a foreign limited liability company, and conducts business at 19000 East Valley View Pkwy., Independence, MO 64055. Defendant Lowe's Home Centers, LLC may be served with process through its registered agent, CSC-Lawyers Incorporating Service Co. at 221 Bolivar Street, Jefferson City, MO 65101.

3.      Defendant Lowe's Companies, Inc., is a foreign corporation, and conducts business at 19000 East Valley View Pkwy., Independence, MO 64055. Defendant Lowe's Companies, Inc., may be served with process through its managing agent and/or the person in charge at 19000 East Valley View Pkwy., Independence, MO 64055.

4.      Venue and personal jurisdiction are proper in this Court because one or more of the unlawful employment practices alleged herein occurred in Jackson County, Missouri, pursuant to Mo.Rev.Stat. § 213.111.1 which specifies that such action may be brought in any circuit court in

1

any county in which an unlawful discriminatory practice is alleged to have been committed, and further, because the injuries and damages complained of herein arose in Jackson County, Missouri.

5.    Defendants are both "employer[s]" within the meaning of Mo.Rev.Stat. § 213.010(7).

6.    On or about April 19, 2019, Plaintiff filed a Charge of Discrimination detailing the allegations included herein with the Missouri Commission on Human Rights ("MCHR") which was dually filed with the Equal Employment Opportunity Commission ("EEOC").

7.    On or about April 29, 2020, Plaintiff filed a First Amended Charge of Discrimination detailing the allegations included herein.

8.    This lawsuit is filed less than ninety (90) days after Plaintiff's receipt of Notice of Right to Sue received from the MCHR, which was sent to Plaintiff on June 24, 2020. A copy of the MCHR Notice of Right to Sue is attached hereto as "**Exhibit A**."

9.    This lawsuit is filed less than ninety (90) days after Plaintiff's receipt of Notice of Right to Sue received from the EEOC, which was sent to Plaintiff on August 24, 2020. A copy of the EEOC Notice of Right to Sue is attached hereto as "**Exhibit B**."

10.    Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

11.    At all relevant times herein, Defendants' employees were acting in the course and scope of their employment with Defendants, or were otherwise acting as agents of Defendants, and their conduct was authorized and ratified by Defendants.

12.    Plaintiff has worked for Defendants since February 2005.

13.    Plaintiff is currently still employed by Defendants as a Department Electrical Pro.

14.     At all relevant times herein, Plaintiff was regarded by Defendants as an individual with a disability as defined by the Missouri Human Rights Act, Mo.Rev.Stat. 213.010 *et seq*. (the "MHRA"), and/or Plaintiff had a record of having such impairment, and/or Plaintiff had a physical or mental impairment that substantially limits one or more of the major life activities, including but not limited to, sleeping and concentrating.

15.     During his employment with Defendants, Plaintiff requested reasonable accommodations within the scope of his doctor's restrictions.

16.     Plaintiff's restrictions require that he not work certain shifts due to sleep issues. Plaintiff had limitations on his ability to close the store on one shift and then open the store on the next shift.  Plaintiff is still able to work full time, but he requires accommodation in scheduling.

17.     Defendants have repeatedly failed to schedule Plaintiff in accordance with his restrictions. Specific examples include, but are not limited to, the following:

> a.     August 2018 – scheduled more than two closing shifts in a row, and no day off after last closing shift;
>
> b.     September 2018 – scheduled more than two closing shifts in a row, and no day off after last closing shift;
>
> c.     November 2018 – no day off after last closing shift;
>
> d.     March 2019 – scheduled contrary to corporate electrical pro corporate rotation part of the agreed workplace accommodation;
>
> e.     April 2019 - scheduled more than two closing shifts in a row, and no day off after last closing shift;
>
> f.     May 2019 – scheduled contrary to corporate electrical pro corporate rotation part of the agreed workplace accommodation;

3

g.  June 2019 – scheduled to work extended hours in violation of agreed accommodation, and request to modify this violation was refused.

18.  Plaintiff reported the violation of his restrictions to his supervisor, assistant store manager, the human resources manager, and Defendants' corporate office. Such reports were ignored.

19.  When Plaintiff reported the scheduling in violation of his restrictions to the human resources manager, she responded that his accommodation had expired even though it plainly said that it was still in effect.

20.  Later when Plaintiff tried to discuss his accommodations with the store's human resources manager, Plaintiff discovered a note on her closed door that said that store employees needed to address accommodation requests to a third-party vendor.

21.  While employed by Defendants, Plaintiff has completed training modules for several advanced positions with Defendants' organization, including, but not limited to: Administrative Support Associate, Operations Assistant Store Manager, Merchandising Assistant Store Manager, and Specialty Sales Assistant Store Manager.

22.  From 2017 to present, Plaintiff submitted twenty-three (23) applications for various positions with the Defendants, including:

a.  Account Executive Pro Services – job submission dated August 22, 2017;

b.  Head Cashier – job submission dated September 25, 2017;

c.  Sales Specialist, Cabinets – job submission dated November 27, 2017;

d.  Sales Specialist, Flooring – job submission dated November 27, 2017;

e.  Receiver/Stocker – job submission dated December 21, 2017;

f.  Head Cashier – job submission dated December 21, 2017;

4

EXHIBIT 1

g.  Sales Specialist, Appliances – job submission dated December 30, 2017;

h.  Sales Specialist, Live Nursery – job submission dated December 30, 2017;

i.  Customer Service Associate III – job submission dated January 4, 2018;

j.  Customer Service Associate II – job submission dated January 6, 2018;

k.  Sales Specialists, Flooring – job submission dated January 9, 2018;

l.  Sales Specialist, Millwork – job submission dated January 13, 2018;

m.  Sales Specialist, Plumbing – job submission dated January 13, 2018;

n.  Customer Service Associate IV – job submission dated January 15, 2018;

o.  Sales Specialist, Pro Services – job submission dated February 2, 2018;

p.  Product Service Associates – job submission dated February 20, 2018;

q.  Sales Specialist, Cabinets – job submission dated February 20, 2018;

r.  Sales Specialist, Millwork – job submission dated September 18, 2018;

s.  Sales Specialist, Plumbing – job submission dated September 18, 2018;

t.  Pro Department Supervisor – job submission dated December 12, 2018;

u.  Sales Floor Department Supervisor – job submission dated December 12, 2018;

v.  Administrative Support Associate – job submission dated June 25, 2019;

w.  Administrative Support Associate – job submission dated August 19, 2019.

23.  Plaintiff was not hired for any of the twenty-three positions even though he was qualified for the positions.

24.  All twenty-three positions were filled by Caucasians except for one.

25.     In 2018, Plaintiff contacted Defendants' corporate office to report that he was not getting a fair opportunity for advancement and that his workplace accommodation for his disability was part of the reason.

26.     Plaintiff first filed his underlying Charge of Discrimination on April 22, 2019.

27.     After filing his Charge of Discrimination, Plaintiff has not even been given an opportunity to interview for positions he applied for and there are positions that he would have applied for but he was never notified that such positions were available to him.

28.     Defendants promised to interview Plaintiff for the Administrative Support Associate position (job submission dated August 19, 2019), however, Defendants did not show up to the interview. Defendants then filled the position prior to rescheduling the interview with Plaintiff.

29.     Plaintiff was not offered an interview for the Administrative Support Associate position (job submission dated June 25, 2019).

30.     Upon information and belief, around September or October 2019, a promotional position within Plaintiff's division with Defendants became available, however, no job positing was made for the position. Upon information and belief, Defendants hired another employee under a different job title and then transferred this employee to the promotional position (Sales Floor Supervisor, Electrical & Plumbing).

31.     In November or December 2019, Defendants approached one of Plaintiff's co-workers regarding a promotion to Flooring Sales Specialist. Defendants did not approach Plaintiff regarding the promotion. Defendants did not post the job opening on the online portal where Defendants ordinarily post job openings.

32.     Defendants' managerial staff directed Plaintiff's co-workers to follow Plaintiff throughout the store, and spy on him, in an effort to identify any conceivable reason to accuse him of workplace misconduct or a violation of company policy as a part of an ongoing campaign to terminate Plaintiff's employment.

33.     Defendants' managerial staff asked another Black male to perform write-ups of Plaintiff so that it would not appear that Defendant was acting with racist animus against Plaintiff.

34.     Plaintiff has reported his concerns about the lack of racial diversity in the store for management positions many times over several years.

35.     During a meeting leading up to the annual corporate employee opinion survey, Plaintiff expressed that Black employees did not have the same opportunities for advancement as Caucasian employees.   The meeting was attended by various store managers and the human resources manager.

36.     Plaintiff expressed a similar concern in writing in the annual corporate employee opinion survey every year beginning in 2017.

37.     Plaintiff has reported similar concerns about his lack of opportunities as a Black male to advance in the company compared to his Caucasian peers to two store managers.

38.     The actions and inactions of Defendants and their agents and employees constitute unlawful discrimination and harassment on the basis of Plaintiff's disability, color, and/or race; and unlawful retaliation in violation of the MHRA.

39.     Defendants engaged in a pattern or practice of discrimination against their employees, including Plaintiff, on the basis of disability.

40.     Defendants engaged in a pattern or practice of discrimination against their employees, including Plaintiff, on the basis of race.

41.     Defendants engaged in a pattern or practice of discrimination against their employees, including Plaintiff, on the basis of color.

42.     Defendants retaliated against Plaintiff for exercising his rights under the MHRA.

43.     Defendants failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination, retaliation, and harassment against their employees, including Plaintiff.

44.     Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws.

45.     As a direct and proximate result of the wrongful, unlawful, retaliatory, harassing, and discriminatory policies, practices, and conduct described above and in the following paragraphs, Plaintiff has suffered injury and damages, including past and future pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and reputational harm, and will continue to suffer the same unless and until this Court grants the requested relief herein.

46.     Defendants' conduct was wanton, malicious, willful, and/or outrageous, and was done with reckless disregard of its consequences, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendants, and will serve to deter Defendants and others, from like conduct in the future.

**COUNT I: DISABILITY DISCRIMINATION**
**IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

47.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

48.     Plaintiff suffered from a disability within the meaning of the MHRA, in that he has a physical or mental impairment which substantially limits one or more of his major life activities,

is regarded as having such an impairment, and/or has a record of having such an impairment, which with or without reasonable accommodation does not interfere with performing his job.

49.     Defendants were aware of Plaintiff's disability and/or regarded Plaintiff as being disabled and/or Plaintiff had a record of having a disability.

50.     Defendants, by and through officers, employees, and agents, discriminated against Plaintiff because of his disability, and discriminated against Plaintiff with respect to the terms and conditions of his employment in violation of the MHRA.

51.     Plaintiff's disability, or the fact that Defendants regarded Plaintiff as having a disability or that Plaintiff had a record of having a disability, actually played a role in and had a determinative influence on such discrimination.

52.     Plaintiff is entitled to recover all actual damages proved to a jury for all damages, harms and losses he suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress.

53.     Further, the actions of Defendants in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

54.     Plaintiff is entitled to recover his reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff respectfully prays this Court for judgment against Defendants in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

<br>

## COUNT II: RACE DISCRIMINATION
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

55.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

56.     Defendants, by and through officers, employees, and agents, discriminated against Plaintiff because of his race and discriminated against Plaintiff with respect to the terms and conditions of his employment.

57.     Plaintiff's race actually played a role in and had a determinative influence on such discrimination.

58.     Plaintiff is entitled to recover all actual damages proved to a jury for all damages, harms and losses he suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress.

59.     Further, the actions of Defendants in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

60.     Plaintiff is entitled to recover his reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff respectfully prays this Court for judgment against Defendants in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

10

## COUNT III: COLOR DISCRIMINATION
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

61.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

62.     Defendants, by and through officers, employees, and agents, discriminated against Plaintiff because of his color and discriminated against Plaintiff with respect to the terms and conditions of his employment.

63.     Plaintiff's color – dark skinned - actually played a role in and had a determinative influence on such discrimination.

64.     Plaintiff is entitled to recover all actual damages proved to a jury for all damages, harms and losses he suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress.

65.     Further, the actions of Defendants in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

66.     Plaintiff is entitled to recover his reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff respectfully prays this Court for judgment against Defendants in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

11

Electronically Filed - Jackson - Independence - September 17, 2020 - 11:00 AM

## COUNT IV: HOSTILE WORK ENVIRONMENT – DISABILITY
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

67.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

68.     Plaintiff suffered from a disability within the meaning of the MHRA, in that he has a physical or mental impairment which substantially limits one or more of his major life activities, is regarded as having such an impairment, and/or has a record of having such an impairment, which with or without reasonable accommodation does not interfere with performing his job.

69.     Defendants were aware of Plaintiff's disability and/or regarded Plaintiff as being disabled and/or Plaintiff had a record of having a disability.

70.     Plaintiff was subjected to unwelcome harassment.

71.     Plaintiff's disability actually played a role in and had a determinative influence on such harassment.

72.     Such harassment affected a term, condition, or privilege of Plaintiff's employment, affected Plaintiff's ability to perform his job duties, and created an abusive working environment.

73.     Defendants knew or should have known of the harassment and failed to respond with appropriate remedial action.

74.     Plaintiff is entitled to recover all actual damages proved to a jury for all damages, harms and losses he suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress.

75.     Further, the actions of Defendants in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference

EXHIBIT 1

to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

76.     Plaintiff is entitled to recover his reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff respectfully prays this Court for judgment against Defendants in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

## COUNT V: HOSTILE WORK ENVIRONMENT – RACE
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

77.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

78.     Plaintiff is a member of a group protected under the MHRA in that he is a Black male.

79.     Plaintiff was subjected to unwelcome harassment.

80.     Plaintiff's race actually played a role in and had a determinative influence on such harassment.

81.     Such harassment affected a term, condition, or privilege of Plaintiff's employment, affected Plaintiff's ability to perform his job duties, and created an abusive working environment.

82.     Defendants knew or should have known of the harassment and failed to respond with appropriate remedial action.

83.     Plaintiff is entitled to recover all actual damages proved to a jury for all damages, harms and losses he suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress.

EXHIBIT 1

84.     Further, the actions of Defendants in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

85.     Plaintiff is entitled to recover his reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff respectfully prays this Court for judgment against Defendants in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

## COUNT VI: HOSTILE WORK ENVIRONMENT – COLOR IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

86.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

87.     Plaintiff is a member of a group protected under the MHRA in that he is a dark-skinned male.

88.     Plaintiff was subjected to unwelcome harassment.

89.     Plaintiff's color – dark-skinned – actually played a role in and had a determinative influence on such harassment.

90.     Such harassment affected a term, condition, or privilege of Plaintiff's employment, affected Plaintiff's ability to perform his job duties, and created an abusive working environment.

91.     Defendants knew or should have known of the harassment and failed to respond with appropriate remedial action.

92.     Plaintiff is entitled to recover all actual damages proved to a jury for all damages, harms and losses he suffered in the form of lost compensation and benefits, and for all non-

14

EXHIBIT 1

economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress.

93.     Further, the actions of Defendants in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

94.     Plaintiff is entitled to recover his reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff respectfully prays this Court for judgment against Defendants in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

## COUNT VII: RETALIATION
## IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

95.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth and restated herein.

96.     The MHRA states that it shall be an unlawful discriminatory practice "[t]o retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any investigation, proceeding or hearing conducted pursuant to this chapter." Mo.Rev.Stat. § 213.070.

97.     Plaintiff exercised legally protected rights and engaged in activity legally protected by the MHRA by virtue of the following actions: (a) making multiple complaints to Defendants' managerial employees, and corporate office, about being discriminated against on the basis of his race, color, and/or disability; (b) filing his initial Charge of Discrimination with the EEOC and

15

MCHR on or about April 19, 2019; (c) filing his Amended Charge of Discrimination with MCHR on or about April 29, 2020; and (d) participating in the MCHR's processing and investigation of his Charge of Discrimination.

98.     The retaliatory acts described above are in violation of the MHRA.

99.     Plaintiff is entitled to recover all actual damages proved to a jury for all damages, harms and losses he suffered in the form of lost compensation and benefits, and for all non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress.

100.     Further, the actions of Defendants in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

101.     Plaintiff is entitled to recover his reasonable attorneys' fees and court costs.

WHEREFORE, Plaintiff respectfully prays this Court for judgment against Defendants in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

EXHIBIT 1

Respectfully Submitted by:

Beam-Ward, Kruse, Wilson & Fletes, LLC

/s/ Richard S. Fisk
Richard S. Fisk, # 61286
Jessica G. Lile, # 72595
8645 College Boulevard, Suite 250
Overland Park, Kansas 66210
(913) 339-6888/ (913) 339-9653 (Fax)
rfisk@bkwflaw.com
jlile@bkwflaw.com
ATTORNEYS FOR PLAINTIFF

17

EXHIBIT 1

Electronically Filed - Jackson - Independence - September 17, 2020 - 11:00 AM



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **MARTHA STAGGS**<br>COMMISSION CHAIRPERSON | **ALISA WARREN, Ph.D.**<br>EXECUTIVE DIRECTOR |

Gabrielle Gilmore
1332 South Spring Street
Independence, MO 64055
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:    Gabrielle Gilmore vs. LOWE'S COMPANIES, INC. ET AL
       E-04/19-50839  28E-2019-00886C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

June 24, 2020
Date

C:    additional contacts listed on next page

☒            ☐            ☐            ☐            ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to ind*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

**EXHIBIT
A**

RE:  Gabrielle Gilmore vs. LOWE'S COMPANIES, INC. ET AL
E-04/19-50839  28E-2019-00886C

LOWE'S COMPANIES, INC. ET AL
19000 E. Valley View Parkway
Independence, MO 64055

Lowe's Home Centers, LLC
221 Bolivar Street
Jefferson City, MO 65101

Joseph Hugg
LOWE'S COMPANIES, INC.
1000 Lowe's Boulevard
Mooresville, NC 28117
*Via Email*

Richard S. Fisk
ATTORNEY AT LAW
8645 College Boulevard, Suite 250
Overland Park, KS 66210
*Via Email*

EXHIBIT 1

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Gabrielle Gilmore**
**1332 South Spring Street**
**Independence, MO 64055**

From: **St. Louis District Office**
**1222 Spruce Street**
**Room 8.100**
**Saint Louis, MO 63103**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **28E-2019-00886** | **Joseph J. Wilson,**<br>**State & Local Program Manager** | **(314) 798-1930** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Lloyd J. Vasquez, Jr.,
**District Director**

August 24, 2020
*(Date Mailed)*

Enclosures(s)

cc:
**Joseph Hugg**
**LOWE'S COMPANIES, INC.**
**1000 Lowe's Boulevard**
**Mooresville, NC 28117**

**Richard S. Fisk**
**Beam-Ward, Kruse, Wilson & Fletes, LLC**
**8645 College Boulevard, Suite 250**
**Overland Park, KS 66210**

**EXHIBIT B**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

GABRIELLE GILMORE,

| | |
|---|---|
| **PLAINTIFF(S),** | **CASE NO.** 2016-CV18988 |
| **VS.** | **DIVISION 16** |

LOWE'S HOME CENTERS, LLC,

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable MARCO A ROLDAN on 27-JAN-2021 in DIVISION 16 at 08:30 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a. A trial setting;

b. Expert Witness Disclosure Cutoff Date;

c. A schedule for the orderly preparation of the case for trial;

d. Any issues which require input or action by the Court;

e. The status of settlement negotiations.

Case 4:20-cv-00861-WBG   Document 1-1   Filed 10/26/20   Page 21 of 26

EXHIBIT-1

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ MARCO A ROLDAN
MARCO A ROLDAN, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JESSICA LILE, 8645 COLLEGE BLVD, SUITE 250, OVERLAND PARK, KS 66210

RICHARD FISK, 8645 COLLEGE BLVD, STE 250, OVERLAND PARK, KS 66210

Defendant(s):
LOWE'S HOME CENTERS, LLC
LOWE'S COMPANIES INC.

Dated: 17-SEP-2020

MARY A. MARQUEZ
Court Administrator

Case 4:20-cv-00861-WBG   Document 1-1   EXHIBIT 1   Filed 10/26/20   Page 22 of 26

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

GABRIELLE GILMORE )
                Plaintiff, )
                      )
v. )
                      )    Case No.
LOWE'S COMPANIES, INC. )    Division No.
                      )
**Serve Managing Agent and/or Person in Charge** )
19000 East Valley View Pkwy. )
Independence, MO 64055 )
                Defendant. )

<u>**PRAECIPE FOR SERVICE**</u>

To: Clerk of the Circuit Court

       The Clerk of the Court will issue a copy of the Summons and Petition in the above-entitled action, to the Defendant LOWE'S COMPANIES, INC., for service on the Managing Agent and/or Person in Charge: **1900 East Valley View Pkwy., Independence, MO 64055.**   You are hereby instructed to effect service as follows:

        **Service through the 16ᵗʰ Judicial Circuit Department of Civil Process, 1305 Locust, 2ⁿᵈ Floor, Kansas City, Jackson County, MO 64106.**

        Respectfully Submitted by:

        BEAM-WARD, KRUSE, WILSON & FLETES, LLC

        /s/ Richard S. Fisk
        RICHARD S. FISK, # 61286
        JESSICA G. LILE, # 72595
        8645 College Boulevard, Suite 250
        Overland Park, Kansas 66210
        (913) 339-6888/ (913) 339-9653 (Fax)
        rfisk@bkwflaw.com
        jlile@bkwflaw.com
        ATTORNEYS FOR PLAINTIFF

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

GABRIELLE GILMORE                                        )
                   Plaintiff,                              )
                                      )
v.                                                       )
                                        )   Case No.
LOWE'S HOME CENTERS, LLC                                 )   Division No.
                                        )
**Serve Registered Agent:**                              )
CSC Lawyers Incorporating Service Company                )
221 Bolivar Street                                       )
Jefferson City, MO 65101                                 )
                         Defendant.                   )

## PRAECIPE FOR SERVICE

To:  Clerk of the Circuit Court

      The Clerk of the Court will issue a copy of the Summons and Petition in the above-entitled action, to the Defendant LOWE'S HOME CENTERS, LLC, for service on the registered agent: **CSC Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101**.  You are hereby instructed to effect service as follows:

            **Service through the Department of Civil Process, Cole County, Missouri, P.O. Box 426, Jefferson City, MO 65102.**

                      Respectfully Submitted by:

                      BEAM-WARD, KRUSE, WILSON & FLETES, LLC

                      /s/ Richard S. Fisk
                      RICHARD S. FISK, # 61286
                      JESSICA G. LILE, # 72595
                      8645 College Boulevard, Suite 250
                      Overland Park, Kansas 66210
                      (913) 339-6888/ (913) 339-9653 (Fax)
                      rfisk@bkwflaw.com
                      jlile@bkwflaw.com
                      ATTORNEYS FOR PLAINTIFF

1



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number:  2016-CV18988 |
| Plaintiff/Petitioner:<br>GABRIELLE GILMORE | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD FISK<br>8645 COLLEGE BLVD<br>STE 250<br>OVERLAND PARK, KS  66210 |
| vs. | |
| Defendant/Respondent:<br>LOWE'S HOME CENTERS, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

2020 SEP 25 AM 9: 16  RECEIVED CIVIL PROCESS
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  LOWE'S COMPANIES INC.
Alias:

SERVE MANAGING AGENT
19000 E. VALLEY VIEW PARKWAY
INDEPENDENCE, MO 64055

*Rowe*

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-SEP-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

**CORPORATION - PERSON IN CHARGE**

I certify that I have served the within summons in Jackson County, Missouri, upon the within-named defendant corporation; *Lowes Companies Inc* , by leaving a copy of the summons and a copy of the petition at the business office of said defendant corporation with *Casey Spitler    Manager* , who said he/she was the person in charge thereof.

Place of service: *19000 E Valley View Pkwy Independence MO*

Date of service: *09-30-2020*

Time of service: *0840*

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____
**DEPUTY**

**CIRCT 3033- 12/13**

| | |
|---|---|
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2016-CV18988 | |
|---|---|---|
| Plaintiff/Petitioner:<br>GABRIELLE GILMORE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD FISK<br>8645 COLLEGE BLVD<br>STE 250<br>OVERLAND PARK, KS 66210 | RECEIVED<br><br>SEP 25 2020<br><br>COLE COUNTY<br>SHERIFF'S OFFICE |
| Defendant/Respondent:<br>LOWE'S HOME CENTERS, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **LOWE'S HOME CENTERS, LLC**
                          Alias:
**CSC LAWYERS INCORPORATING**
**SERVICE COMPANY**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-SEP-2020
Date                                          Clerk

Further Information:

FILED-CIRCUIT
JACKSON CO.
20 OCT -9 AM 11:1
CIRCUIT COURT
24

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to the

CSC (lawyers), S.L. _____ (name) *designee* _____ (title).
☐ other _____.

Served at 350 E. High St. _____ (address)
in Cole _____ (County/City of St. Louis), MO, on 09-28-2020 (date) at 800 Am (time).

Sheriff John P Wheeler by _____ Et Aimee Wray
  Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*                Subscribed and sworn to before me on _____ (date).

                        My commission expires: _____ _____
                                               Date              Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( ___ miles @ $ ___ per mile) | |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.